UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DELMEREY DESHAWN MORRIS,

     Petitioner,                                          Case No. 19-10373

v.

NOAH NAGY,                                        HON. AVERN COHN

     Respondent.
_____/

**MEMORANDUM AND ORDER
GRANTING PETITIONER'S MOTION TO STAY (Doc. 9)**

I.

This is a habeas case under 28 U.S.C. § 2254. Petitioner Delmerey Deshawn Morris, (Petitioner), has filed, through counsel, a petition for a writ of habeas corpus challenging his state convictions for second-degree murder, assault with intent to do great bodily harm less than murder, conspiracy to commit armed robbery, and possession of a firearm in the commission of a felony. Before the Court is Petitioner's motion to stay the proceedings and hold the petition in abeyance so that he can return to the state courts to present additional claims that have not been exhausted and are not included in his current habeas petition. For the reasons that follow, the motion will be GRANTED.

II.

A federal court may stay a federal habeas corpus proceeding pending resolution of state post-conviction proceedings. See Rhines v. Weber, 544 U.S. 269, 276 (2005) ("District courts do ordinarily have authority to issue stays where such a stay would be a proper exercise of discretion.") (citations omitted). In Rhines, the Supreme Court held that a federal court may stay a petition for habeas corpus relief and hold further proceedings in abeyance while a petitioner exhausts unexhausted claims if outright dismissal of the petition

would jeopardize the timeliness of a future petition, there is good cause for the petitioner's failure to exhaust state court remedies, the unexhausted claims are not "plainly meritless," and "there is no indication that the petitioner engaged in intentionally dilatory tactics." Id. at 278.

Petitioner's unexhausted claims are best first addressed and decided by the state courts. The Court anticipates no prejudice to Respondent in staying the petition. Nothing in the record suggests that Petitioner engaged in intentionally dilatory tactics. In addition, it does not appear that Petitioner's claims are not "plainly meritless." Therefore, a stay is appropriate.

III.

Accordingly, Petitioner's motion to stay is GRANTED. The petition is STAYED pending completion of Petitioner's state application for post-conviction review. This stay is conditioned upon Petitioner filing his motion for relief from judgment within sixty (60) days of this order and then filing a motion to lift the stay and an amended habeas petition (using the case number already assigned to this case) within sixty (60) days after the conclusion of the state court post-conviction proceedings. See Rhines v. Weber, 544 U.S. 269, 278 (2005)

To avoid administrative difficulties, the Clerk of Court shall CLOSE this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter.

SO ORDERED.

 S/Avern Cohn 
AVERN COHN
UNITED STATES DISTRICT JUDGE

DATED:
Detroit, Michigan

2